**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALLEN IRVIN BILEY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____________________________________/

No. C 11-03905 SI

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff filed a motion for summary judgment on this Social Security appeal, and defendant filed a cross-motion to remand to the Administrative Law Judge for further proceedings. Having considered the parties' papers and the administrative record, the Court hereby REMANDS the case for further proceedings. On remand, the Administrative Law Judge must determine whether plaintiff was ineligible to receive Supplemental Security Income disability benefits for twelve consecutive months such that termination of plaintiff's benefits payments was proper. This Court has not considered the merits of plaintiff's appeal as to whether the Administrative Law Judge erred in refusing to grant plaintiff's reapplication to reestablish his disability status following termination, because that claim is not yet ripe.

## BACKGROUND

### I. Administrative Procedural History

#### A. *The Social Security Administration's Award and First Suspension of Plaintiff's Supplemental Security Income Disability Benefits*

On January 4, 2005, plaintiff filed an application for Supplemental Security Income (SSI) disability benefits with the Social Security Administration (SSA) pursuant to title XVI of the Social Security Act. Administrative Record (A.R.) 125-28. The SSA granted plaintiff's application for SSI

disability benefits on April 25, 2005. A.R. 49-64. Plaintiff began receiving benefits on May 1, 2005. A.R. 49-50.

On March 24, 2006, the SSA sent plaintiff a Notice of Planned Action,[1] alerting him that it was suspending payment of SSI benefits, effective May 2006, due to plaintiff's February 2006 incarceration in state prison.[2] A.R. 65-69. Both parties agree that the SSA subsequently reinstated plaintiff's SSI benefits after plaintiff's release from prison, although there is no evidence in the administrative record as to when he was released or when the payments were reinstated. Pl.'s Mot. Summ. J. at 1, Docket No. 19; Def.'s Mot. to Remand at 0, Docket No. 25.

B. *The SSA's Second Suspension and Resulting Termination of Plaintiff's SSI Disability Benefits*

On March 12, 2007, the SSA sent plaintiff another Notice of Planned Action informing him that it was again stopping payment of his SSI disability benefits, effective April 2007, due to an outstanding warrant for plaintiff's arrest, issued on November 2, 2006.[3] A.R. 70-75. The arrest warrant was issued for violation of the terms and conditions of his parole/probation, stemming from plaintiff's incarceration in state prison. *Id*. The Notice stated, however, that if plaintiff was able to demonstrate that "the warrant was issued incorrectly in [plaintiff's name] because [of identity theft]," "[plaintiff was] found not guilty of the criminal offense," "the underlying charges relating to the criminal offense were dismissed," "[t]he warrant for [plaintiff's] arrest was withdrawn," or "[plaintiff was] otherwise cleared of the criminal offense," then the SSA would immediately reinstate plaintiff's eligibility and recommence SSI benefit disbursements. A.R. 71.

Plaintiff contends in his moving papers that he "resolved his arrest warrant," but provides no details as to how or when that happened. Pl.'s Mot. Summ. J. at 2. Medical records from Prison Health Services, Inc., included in the administrative record suggest that plaintiff was incarcerated again as a

---

[1] *See* 20 C.F.R. § 416.1336(a) (advance written notice of intended actions affecting recipient's payment status is required).

[2] *See* 20 C.F.R. § 416.1325(a) (suspension of benefits required when an eligible recipient becomes a resident of a public institution).

[3] *See* 20 C.F.R. § 416.1339(a)(3) (suspension of benefits required when a recipient violates a condition of probation or parole imposed under federal or state law).

result of his probation/parole violation at some point. A.R. 166; 230-51. It is unclear, however, how long plaintiff was in custody. Plaintiff further contends that at some point he "sought reinstatement of his disability benefits from the [SSA]," but the SSA did not allow him to seek automatic reinstatement of his SSI disability benefits. Pl.'s Mot. Summ. J. at 2.[4] Specifically, plaintiff claims that the SSA informed him that "he had to file a new application rather than have his previously obtained benefits reinstated," *id*., suggesting that the SSA had terminated - not merely suspended - his SSI disability benefits.

C. *The Social Security Administration's Subsequent Denial of Plaintiff's Reapplication for SSI Disability Benefits on the Grounds that He Was No Longer Disabled*

On February 4, 2008, plaintiff submitted a new application to the SSA for SSI disability benefits. A.R. 129-35. Plaintiff filed this application more than fifteen months after plaintiff's arrest warrant for a parole/probation violation was issued, but less than ten months after the SSA suspended payment of plaintiff's SSI disability benefits. In his application, plaintiff specifically averred under penalty of perjury that at the time of filing he had no outstanding federal or state warrants for his arrest. A.R. 130. The SSA denied plaintiff's reapplication on May 7, 2008, on the grounds that he was no longer disabled under the relevant statutory guidelines. A.R. 76-80. Plaintiff moved for reconsideration of this initial decision, but on May 29, 2008, reconsideration was denied. A.R. 84-88.

D. *The Administrative Law Judge and the Appeals Council Affirm the SSA's Denial of Plaintiff's Reapplication for SSI Disability Benefits*

A hearing was held with an Administrative Law Judge (ALJ) on August 31, 2009, to review the SSA's decision to deny plaintiff's reappplication for SSI disability benefits. *See* A.R. 24-43. At the hearing, the ALJ questioned plaintiff and briefly inquired as to whether plaintiff had been incarcerated in the past, but only specifically established that plaintiff had most recently been incarcerated in July

---

[4] Plaintiff's counsel includes several citations to the record on this point, but none shows when plaintiff actually sought automatic reinstatement or, if he did, on what grounds the SSA denied his petition. A.R. 198-99 is plaintiff's preliminary statement to the Administrative Law Judge on his subsequent reapplication, discussed *infra*; A.R. 205-206 is plaintiff's letter to the Appeals Council after the Administrative Law Judge's adverse ruling, also discussed *infra*; and A.R. 207-208 is an undated letter from plaintiff to an unknown party requesting an explanation of reinstatement procedure.

2009. A.R. 27-28.[5] The ALJ also asked plaintiff whether he was jailed or imprisoned for probation violations, and plaintiff responded affirmatively, indicating that was the basis for his most recent incarceration. A.R. 28. The ALJ established that plaintiff was not currently on parole, and had no outstanding reporting requirements under the conditions of his release. *Id*. At no time did the ALJ, or plaintiff's counsel, make any inquiry into when or why plaintiff's SSI disability benefits were terminated, or whether the benefits should instead have been suspended and subject to reinstatement. *See* A.R. 24-43. After examining plaintiff about the specific facts surrounding his asserted disability and posing hypothetical questions to a vocational expert to determine whether plaintiff could find any job in the national economy, the hearing concluded. *Id.* On December 16, 2009, the ALJ issued his decision, which denied plaintiff's reapplication for SSI disability benefits on the grounds that plaintiff was no longer disabled. A.R. 7-23. Plaintiff petitioned the SSA's Appeals Council (AC) for review, A.R. 117-18, and on July 26, 2011, the AC denied his request, A.R. 1-6.

Plaintiff filed this appeal on August 9, 2011.

## II. Federal Court Procedural History

On April 13, 2012, plaintiff filed his motion for summary judgment or, in the alternative, motion to remand for further administrative proceedings. In his motion, plaintiff seeks reversal of the ALJ's decision and reinstatement of his SSI disability benefits on the grounds that: (1) the ALJ breached his duty to fully develop the record with regard to whether plaintiff's eligibility should have been terminated in the first instance; and on the merits of the denial of his reapplication, (2) the ALJ failed to include all of plaintiff's impairments in the hypothetical questions posed to the vocational expert at the administrative hearing; and (3) the ALJ failed to consider plaintiff's "Global Assessment of Functioning" score. (Pl.'s Mot. for Summ. J. at 1). In the alternative, plaintiff requests remand as to all three issues presented in his motion. (*Id*. at 13).

In response, defendant filed a motion to remand pursuant to sentence four of 42 U.S.C. section 405(g). Defendant concedes plaintiff's first argument – i.e., that the ALJ did not properly develop the

[5] *See* A.R. 22-28: "Q: Now, according to our records it looks like the first - well, not really, we should you being kind of in and out of prison, is that right? A: Yes, sir. Q: And was the last time that you were in July of '09, does that sound about right, Santa Rita? A. Yes, sir."

administrative record with regard to why the SSA did not permit reinstatement and why it terminated plaintiff's SSI disability benefits. Defendant requests that the Court order remand with directions to the ALJ to determine: (1) whether plaintiff had twelve consecutive months of SSI ineligibility such that termination was proper; and (2) if not, whether the SSA should have reinstated the plaintiff's SSI disability benefits after plaintiff filed for reinstatement within one year of the March 12, 2007, Notice of Proposed Action.

In opposition to defendant's motion to remand, plaintiff argues that summary judgment remains appropriate with regard to reinstating plaintiff's eligibility, because it is "undisputed" that plaintiff's eligibility was not suspended for twelve consecutive months. Pl.'s Opp. to Def.'s Mot. to Remand 1-2, Docket No. 26. Plaintiff also restates his request that if the Court decides to remand the case to the ALJ, that it do so as to all the issues presented in plaintiff's motion for summary judgment, not just on the question of whether the termination of his benefits was proper. *Id* at 1, 5.

In reply, defendant reasserts the position that this matter should be remanded to the ALJ, both as to whether termination was proper and, if it was not, whether plaintiff should have had his eligibility reinstated. Def.'s Rep. to Pl.'s Opp. to Def.'s Mot. to Remand 2, Docket No. 29. Defendant stresses the distinction between the two issues, arguing that a finding of improper termination is not akin to a finding of automatic reinstatement of benefits. *Id*. Furthermore, defendant argues that remand is not appropriate as to the other issues raised by plaintiff's summary judgment motion, but only as to the issue of suspension and termination. *Id*.

## LEGAL STANDARD

### I. Standard of Review

When reviewing a claimant's appeal of an administrative court's decision denying Social Security eligibility, a reviewing court may only consider whether the decision is free of legal error and is supported by substantial evidence. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012) (citing *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996)). Legal error exists when an administrative court breaches its "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered," *Smolen*, 80 F.3d at 1288, resulting in non-harmless error to the applicant.

*Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). That special duty is only triggered "when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

If this Court finds that the ALJ's decision is based on legal error, the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a hearing." 42 U.S.C. § 405(g); *see also Moore v. Comm'r Soc. Sec. Admin.*, 278 F.3d 920, 926 (9th Cir. 2002) (recognizing that this power includes the authority to remand a case for further evidence). If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded, *see Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981), especially because judicial review of agency action is generally limited to consideration of the administrative record. *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

## II. Standards for Suspension, Reinstatement, and Termination of Title XVI Eligibility

Pursuant to Social Security regulation, "[s]uspension of benefit payments is required when a recipient is alive but no longer meets the requirements of eligibility under title XVI of the Act . . . and termination . . . does not apply." 20 C.F.R. § 416.1320(a). "When payments are correctly suspended due to the ineligibility of a recipient, payments shall not be resumed until the individual again meets all requirements for eligibility except the filing of a new application. Such recipient, upon requesting reinstatement, shall be required to submit such evidence as may be necessary . . . to establish that he or she again meets all requirements for eligibility under this part." *Id.* § 416.1320(b)(1). If, however, suspension of an recipient's eligibility continues for twelve consecutive months, then the SSA shall terminate that individual's eligibility. *Id.* § 416.1335. The twelve-month suspension begins "from the start of the first month that [one] is no longer eligible for SSI benefits" and is effective "with the start of the 13th month after the suspension began." *Id.* If termination occurs, reinstatement is no longer permitted and the former recipient must reapply to reestablish disability status with the SSA. *Warren v. Bowen*, 804 F.2d 1120, 1121 (9th Cir. 1986).

The question presented on this appeal - whether plaintiff's title XVI SSI disability benefits were

properly terminated following suspension - requires consideration of two different grounds for suspension set forth in the regulations. First, "[a]n individual is ineligible for SSI benefits for any month during which he or she is . . . violating a condition of probation or parole imposed under Federal or State law." *Id.* § 416.1339(a)(3).[6] Second, a recipient is also ineligible for SSI benefits for "the first full calendar month in which he or she is a resident of public institution . . . throughout the calendar month . . . and payments are suspended with such first full month." *Id.* § 416.1325(a).[7]

If an individual is ineligible because of a parole or probation violation, the suspension's effective date is the "first day of whichever of the following months is earlier: (i) [t]he month in which a warrant or order for the individual's arrest or apprehension . . . is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual . . . is violating, or has violated, a condition of his or her probation or parole . . . or (ii) [t]he first month during which the individual . . . violated a condition of his or her probation or parole, if indicated in such warrant or order, or in a decision by a court or other appropriate tribunal." *Id.* § 416.1339(b). If a recipient is ineligible because of residency in a public institution, that individual's status of ineligibility continues for as long as that he or she "remains a resident of a public institution." *Id.*

**DISCUSSION**

The parties agree that the ALJ who conducted the eligibility hearing below breached his duty to fully and fairly develop the record with regard to whether plaintiff's eligibility was properly terminated prior to plaintiff's February 4, 2008, reapplication. *See Smolen*, 80 F.3d at 1288 (recognizing that an ALJ has a special duty to develop the record). The Court concurs. This special duty to further develop the administrative record was triggered when plaintiff's counsel submitted plaintiff's preliminary statement to the ALJ, indicating that the SSA had previously awarded plaintiff SSI disability benefits and requesting association of the claims. A.R. 198-99; *see also Mayes*, 276 F.3d at 459-60. At

---

[6] Even if a recipient is considered ineligible because that individual is violating a condition of their probation or parole, eligibility may be reinstated for the month(s) at issue, if the recipient can show that either: (1) the arrest warrant was vacated; or (2) both the probation or parole violation and the offense underlying the imposition of probation or parole were of a nonviolent and non-drug-related nature. 20 C.F.R. § 1382(4)(B)-(C).

[7] Public institutions include state prisons. 20 C.F.R. § 416.201.

that point, the ALJ should have inquired as to plaintiff's prior claim, and as to how and why the SSA terminated plaintiff's eligibility in the first instance. Whether that omission constitutes harmless error depends upon whether the SSA properly terminated plaintiff's eligibility prior to plaintiff's reapplication. *See Curry*, 925 F.2d at 1129.

On appeal, the question is whether plaintiff's November 2, 2006, arrest warrant and the April 7, 2007, suspension of SSI disability benefit payments resulted in twelve consecutive months of ineligibility, such that automatic termination of benefit eligibility under title XVI was proper. Plaintiff contends that summary judgment is proper, because the time between the April 7, 2007, suspension and plaintiff's February 4, 2008, reapplication was not greater than twelve months; and, therefore, his benefits should not have been terminated. *See* 20 C.F.R. § 416.1335.[8] As defendant notes, however, application for reinstatement is not akin to a right of reinstatement. Under the Social Security regulations, the burden is on a claimant to submit evidence to show that he or she is eligible for reinstatement. 20 C.F.R. § 416.1320(b)(1).[9]

Here, the administrative record does not indicate what, if any, evidence plaintiff submitted to show that he was entitled to reinstatement. While at the time of the ALJ hearing on August 31, 2009, it was established that plaintiff was not currently on parole and had no outstanding reporting requirements, *see* A.R. at 28, there is no evidence in the record, other than his own averment in his application, that at the time of plaintiff's February 4, 2008, reapplication plaintiff was *not* under an outstanding arrest warrant, was incarcerated, or remained ineligible for any other reason. Similarly, the administrative record indicates that while plaintiff was incarcerated at some point between the April 7, 2007, suspension and his February 2008 reapplication, *see* A.R. 166; 230-51, there is no evidence regarding when plaintiff was released or whether he was under continuing parole conditions at the time of his release. Because such evidence is not in the administrative record, and because there may have

---

[8] While plaintiff contends that he sought reinstatement prior to his February 4, 2008 reapplication for eligibility, there is no evidence in the administrative record of that reapplication or when it was made. The Court will, therefore, use the February 2008 reapplication date as the relevant date for the Court's analysis.

[9] The March 17, 2007 Notice of Intended Action specifies the information that plaintiff was required to provide in order to reinstate his benefits following the issuance of the arrest warrant. AR 72-73.

been other grounds for the SSA to not reinstate plaintiff's eligibility at the time of the February 4, 2008, reapplication, the Court cannot find that plaintiff's benefits should have been reinstated.

Finally, plaintiff argues that even if this Court determines that remand is appropriate for further development of the record the Court should instruct the ALJ to consider all of the grounds raised on this appeal, including asserted errors the ALJ made during the hearing on plaintiff's reapplication. The Court finds that a review of the merits of the ALJ's determination of plaintiff's disabilities is premature. If, on remand, the ALJ determines plaintiff's benefits were not subject to reinstatement and were appropriately terminated, plaintiff may return to District Court to contest the merits of the ALJ's disability determination on his reapplication.

## CONCLUSION

For the foregoing reasons, the Court hereby REMANDS to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated: October 9, 2012

SUSAN ILLSTON
United States District Judge